IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDWARD OBERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-158-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability benefits. Plaintiff asserts disability beginning April 1, 2002, due to anxiety, depression and low-back arthritis. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) finding plaintiff's

1 - ORDER

low-back condition non-severe; and (2) rejecting the opinion of Dr. Julia Wong-Ngan

1.  Non-Severe Impairment

Plaintiff contends that he has a severe impairment resulting from sacroiliitis.

At step two of the disability inquiry, the ALJ must consider the combined effect of all of the plaintiff's impairments on his ability to function, without regard to whether each alone was sufficiently severe.  See 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991); Social Security Ruling 868 ("SSR 86-8").  See also SSR 85-28.  Also, he is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity. SSR 88-13; 20 C.F.R. § 404.1529(d)(2)(effective 11/14/91) (adopting SSR 88-13).  The step-two inquiry is a de minimis screening device to dispose of groundless claims.  Bowen v. Yuckert, 482 U.S. at 153-54, 107 S.Ct. at 2297-98.  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28).

Plaintiff here merely points to a diagnosis and notes that with sacroiliitis even the slightest movement of the spine can be extremely uncomfortable or painful.  Plaintiff fails to demonstrate

2 - ORDER

that his low back condition is severe.  Indeed, the record shows that he only takes ibuprofen for joint pain, Tr. 273, and he otherwise testified regarding mental issues.  The ALJ did not err in finding that plaintiff's low back condition is not severe.

2.  Dr. Wong-Ngan

Plaintiff contends that the ALJ erred with respect to the opinion of Dr. Wong-Ngan who assigned a GAF of 35-40.  Tr. 167.  However, the ALJ accepted the limitations Dr. Wong-Ngan associated with her impression.  Dr. Wong-Ngan opined that plaintiff requires special work settings-where he can work individually and needs to avoid stress.  Tr. 166.  The ALJ restricted plaintiff to work with no public interaction and only occasional co-worker interaction to account for Dr. Wong-Ngan's opinion.  Tr. 21 and 22.  Accordingly, the ALJ did not err with respect to Dr. Wong-Ngan's opinion

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this ___7th___ day of ___August___, 2008.

                                         s/ Michael R. Hogan
                                     UNITED STATES DISTRICT JUDGE

3 - ORDER